NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES URSUA, | No. C 10-01316 JF (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |
| vs. | |
| ANTHONY HEDGPETH, Warden, | |
| Respondent. | |
| | (Docket Nos. 4) |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as untimely. (Docket No. 4.) Petitioner filed opposition, Respondent filed a reply, and Petitioner filed an opposition to the reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

### **BACKGROUND**

On April 18, 2003, Petitioner was convicted of first degree murder (Cal. Penal Code § 187) with an enhancement for the use of a firearm (Cal. Penal Code § 12022.53(b)(c) & (d)). (Pet. at 3; Docket No. 1.) Petitioner received a sentence of 50

1  years-to-life.  (Id.)  On July 27, 2005, the California Court of Appeal affirmed Petitioner's
2  conviction.  (Resp't Mot. Ex. 1; Docket No. 4).  The California Supreme Court denied his
3  petition for review on November 2, 2005.  (Pet. at 4.)  Petitioner filed the instant petition
4  on March 29, 2010.  Petitioner admits that his habeas petition was filed after the statute of
5  limitations expired.  (Id. at 9(i).)

## DISCUSSION

### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).   The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner fails to seek a writ of certiorari from the United States

Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); Bowen, 188 F.3d at 1159 (same). As the Eighth Circuit put it: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

Petitioner's 90-day window to file a federal habeas petition began on November 2, 2005, the day on which the California Supreme Court denied review, and ended on January 31, 2006. See Miranda, 292 F.3d at 1065. Thus, Petitioner's one year limitations period expired on January 31, 2007. See 28 U.S.C. § 2244(d)(1). The instant petition was not filed until March 29, 2010, over three years later. See *supra* at 2. Accordingly, the instant petition is untimely unless tolling applies to render it timely.[1]

**B.   Statutory Tolling**

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with

---

[1] Petitioner argues that unless his delay in filing the writ of habeas corpus prejudices the state, it cannot be dismissed as untimely. (Pet. at 9(i).) Petitioner incorrectly relies on law that applied to petitions filed before AEDPA became effective on April 24, 1996. See 28 U.S.C. § 2244(d)(1). Previously, "a showing of prejudice" was required to "dismiss a petition as untimely." Ferguson v. Palmateer, 321 F.3d 820, 822 (9th Cir. 2003) (citing Lonchar v. Thomas, 517 U.S. 314, 326-27 (1996). However, "28 U.S.C. § 2244(d)(1) abandoned this prejudice requirement by adopting a one year statute of limitation that runs irrespective of prejudice." Id. Accordingly, Respondent need not make a showing of prejudice.

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner does not contend that he had any pending applications for post conviction or collateral review in state courts from November 2005 through January 2007. Accordingly, Petitioner is not entitled to statutory tolling. Unless Petitioner is entitled to equitable tolling, the limitations period for filing a timely federal habeas petition expired on January 31, 2007.

**C.   Equitable Tolling**

Petitioner claims he is entitled to equitable tolling. The Supreme Court has determined that § 2244(d), AEDPA's statute of limitations, is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); accord Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 418); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." Holland, 130 S. Ct. at 2565 (finding district court's finding of lack of diligence incorrect and remanding for detailed examination of facts to "determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief").

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda, 292 F.3d at 1065. The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a

1  federal habeas application, the equitable tolling claim will be denied.  <u>Gaston</u>, 417 F.3d at
2  1034-35 (holding that where prisoner fails to show causal connection between self-
3  representation on direct appeal or physical and mental disabilities and inability to timely
4  file petition, district court's finding that he was not entitled to equitable tolling where he
5  had earlier filed a state habeas petition was not clear error).  He must, furthermore, show
6  that his untimeliness was caused by an external impediment and not by his own lack of
7  diligence.  <u>Bryant v. Arizona Attorney General</u>, 499 F.3d 1056, 1061 (9th Cir. 2007) (no
8  equitable tolling where petitioner was not diligent in that he failed to seek any state court
9  relief for six years, or to take advantage of available paralegal assistance).
10         Petitioner claims that the period between November 2, 2005, and May 17, 2007,
11  should be tolled because his attorney did not notify him when the California Supreme
12  Court denied review and he did not find out about it until May 17, 2007.  (Pet. Ex. A at
13  1.)  Respondent contends that "Petitioner's attorney's failure to advise him of AEDPA
14  deadlines does not warrant equitable tolling." (Resp't Reply at 3; Docket No. 6.)
15  Specifically, Respondent argues that "if equitable tolling is not available for
16  miscalculation of filing deadlines, it cannot be available for the failure to advise of
17  deadlines." (<u>Id.</u>)  In noncapital cases, an attorney's miscalculation of the limitations
18  period and negligence in general do not constitute extraordinary circumstances sufficient
19  to warrant equitable tolling.  <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (in
20  cases where prisoner has no constitutional right to counsel, attorney miscalculation of
21  limitations period not sufficient).  A miscalculation of a filing deadline is certainly a more
22  serious breach than the failure to advise a <u>pro se</u> petitioner of a filing deadline for a
23  habeas petition, as here, Petitioner, through due diligence, could have discovered the
24  proper deadline on his own.  Accordingly, Petitioner is not entitled to equitable tolling
25  from November 2, 2005, through May 17, 2007.  Furthermore, even if Petitioner was
26  entitled to tolling during this period, his petition would still be untimely because he did
27  not file it until nearly three years later.
28         Petitioner contends that he is entitled to equitable tolling on the basis that his

appellate counsel did not forward his legal file to him until August 2007. (Pet. Ex. A at 2.) Respondent argues that Petitioner is not entitled to equitable tolling based on his attorney's failure to send his legal file because the legal file "was not necessary to file his petition and he failed to exercise diligence in obtaining his file or in filing his federal petition after it was received." (Resp't Reply at 4.) Furthermore, unless Petitioner can "point to specific instances where he needed a particular document... and could not have procured that particular document when needed," he is not entitled to equitable tolling. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (quoting Waldron-Ramsey v. Pacholke, 556 F.4d 1008, 1013-14 (9th Cir. 2009)). Here, Petitioner does not specifically identify any documents that he needed to complete his petition nor does he detail the steps he took to retrieve the documents from his attorney. Without more, Petitioner fails to show that he was pursuing his rights diligently. See Holland, 130 S. Ct. at 2562. Accordingly, Petitioner is not entitled to equitable tolling because his appellate counsel failed to forward his legal file.

Petitioner also claims he is entitled to equitable tolling because his property, including documents beneficial to his case, was confiscated around May, 2009, when he was placed on lock down, and that some of his property has not yet been returned. (Pet. Ex. A at 5-6.) As mentioned earlier, unless Petitioner can "point to specific instances where he needed a particular document... and could not have procured that particular document when needed," he is not entitled to equitable tolling. See Chaffer, 592 F.3d at 1049 (quoting Waldron-Ramsey, 556 F.4d at 1013-14). Furthermore, this confiscation occurred around May 2009 (Pet. Ex. A at 5-6), more than two years after the limitations period had expired on January 31, 2007, see *supra* at 3.

Petitioner next argues that the period from July 2008 through January 2010 should be tolled because he was placed on a modified program or was under lock down during that time. (Pet. Ex. A at 3-5.) Respondent counters that "[a] petitioner's placement in administrative segregation and ordinary prison limitations on petitioner's access to a law library and copier are not 'extraordinary' and do not make it impossible to file a timely

petition." (Resp't Reply at 5 (citing Ramirez, 571 F.3d at 998).) Additionally, Respondent accurately states that "[P]etitioner was not placed on the modified program until over one year after he received notice of the denial of his state petition for review and almost one year after his appellate attorney sent his legal file to him." (Resp't Reply at 5.) Respondent also argues that "[t]o the extent [P]etitioner caused his own placement in administrative segregation, the placements were not circumstances beyond his control." (Id.) Without more, Petitioner's placement in a modified program and administrative segregation do not amount to an extraordinary circumstance. See Ramirez, 571 F.3d at 998. Moreover, even if the circumstances were extraordinary, the limitations period expired on January 31, 2007, which is prior to his placement in the modified program. See *supra* at 3. Accordingly, Petitioner is not entitled to equitable tolling from July 2008 through January 2010.

Petitioner next claims that he is entitled to equitable tolling because he is illiterate and relies on the help of other prisoners to file his documents. (Pet. Ex. A at 7.) However, a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Rasberry, 448 F.3d at 1154; cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). Moreover, a petitioner's language limitations do not per se not justify equitable tolling; rather, equitable tolling may be justified only if language barriers actually prevent timely filing. See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006). Without more, Petitioner fails to establish that his lack of literacy meets the extraordinary circumstance requirement for equitable tolling.

Petitioner also claims that he is entitled to equitable tolling because he did not have access to an adequate prison law library (Pet. Ex. A at 4), and he was therefore not aware

of the AEDPA filing deadlines (id. at 2). Respondent argues that the "Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts." (Resp't Reply at 5 (quoting Lewis v. Casey, 518 U.S. 343, 360 (1996)).) The Ninth Circuit has held that a pro se petitioner's inability to access information about the statute of limitations deadline, when combined with the lack of knowledge of the deadline, constitutes an "extraordinary circumstance" that warrants equitable tolling, provided the petitioner acted with due diligence. Roy v. Lampert, 465 F.3d 964, 973-74 (9th Cir. 2006); cf. Bryant, 499 F.3d at 1060 (where petitioner did not know about AEDPA's statute of limitations, his lack of access to case law interpreting the statute of limitations is not impediment under § 2244(d)(1)(B) because it was petitioner's lack of knowledge of statute of limitations, and not his lack of access to case law, that caused him to delay filing); see also Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development of facts concerning whether AEDPA materials were unavailable in the prison law library and the legal significance of such a finding).[2] Because Petitioner claims that the law library was inadequate and that he was unaware of the AEDPA filing deadlines, Respondent's argument is not on point. See Roy, 465 F.3d at 1060. Petitioner's allegations that he was unaware of the AEDPA filing deadline, and that he lacked access to an adequate library may rise to the level of an extraordinary circumstance, but Petitioner nevertheless fails to show that he acted with due diligence in his attempts to acquire the information. See id. Petitioner did not follow-up on his initial petition to the California Supreme Court for approximately a year and a half (see Pet. Ex. A at 1), and after receiving a response from the state high court, Petitioner waited nearly three more years before filing the instant petition, see *supra* at 2. Accordingly, Petitioner is not entitled to equitable tolling on this basis.

---

[2] But see Felder v. Johnson, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000) (mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period) (citing cases).

Petitioner mentions "actual innocence," without explanation, in his petition. (Pet. at 9(i).) Petitioner later explains his use of "actual innocence" in his opposition to Respondent's reply. (Pet.'s Opp'n to Reply at 5; Docket No. 9). Petitioner argues that he is entitled to review of his claim on the merits because there is insufficient evidence to sustain his conviction. (Id. (citing In Re Winship, 397 U.S. 358 (1970)).) Furthermore, Petitioner claims that the merits of his case should be reviewed because he "states a claim of actual innocence." (Pet.'s Opp'n to Reply at 5-6 (citing Jackson v. Virginia, 443 U.S. 307 (1979)).) However, an actual innocence claim is insufficient to override the statute of limitations requirement set out by the AEDPA. See Lee v. Lampert, 610 F.3d 1125, 1135 (9th Cir. 2010) (holding that there is no actual innocence exception to the AEDPA statute of limitations requirement). Accordingly, Petitioner is not entitled to equitable tolling based on his claim of actual innocence.

Lastly, Petitioner contends that the one year limitations period for filing a habeas petition violates the Suspension Clause of the United States Constitution.[3] (Pet.'s Opp'n to Reply at 28.) To support his position, Petitioner relies on an unpublished district court case from New York. See Rosa v. Senkowski, No. 97 Civ. 2468 (S.D.N.Y. Aug. 1, 1997), modified, Rosa v. Senkowski, No. 97 Civ. 2468 (S.D.N.Y. Nov. 19, 1997). However, the Ninth Circuit has determined that AEDPA's one-year limitations period does not violate the Suspension Clause of the United States Constitution because it is not jurisdictional and may be subject to equitable tolling. Green v. White, 223 F.3d 1001, 1004 (9th Cir. 2000). The one-year limitations period gives Petitioner a reasonable opportunity to have his federal claims heard. That the states need not show prejudice to obtain a dismissal under § 2244(d) in no way renders federal habeas relief inadequate or ineffective in violation of the Suspension Clause. See Ferguson, 321 F.3d at 823.

As discussed above, Petitioner could have exercised due diligence and filed a

---

[3] Petitioner raised this argument in his opposition to Respondent's reply, and therefore, Respondent has not had an opportunity to reply to the arguments. No reply is necessary as the Court has determined that the argument is without merit.

timely petition notwithstanding the circumstances discussed above. Petitioner is not entitled to equitable tolling. Accordingly, the instant federal petition is untimely.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (Docket No. 4) is GRANTED. The instant petition for a writ of habeas corpus is DISMISSED.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: 7/28/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MOISES URSUA,

        Petitioner,

v.

ANTHONY HEDGPETH, Warden,

        Respondent.

Case Number: CV10-01316 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/5/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Moises Ursua T89983
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: 8/5/11

                                        Richard W. Wieking, Clerk